**WO**                                                                                                                     RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 05-99-PHX-MHM |
| Plaintiff, | ) ) | No. CV 08-171-PHX-MHM (MEA) |
| v. | ) ) | **ORDER** |
| Roberto Fabela, | ) ) | |
| Defendant/Movant. | ) ) ) | |

Movant Roberto Fabela, who is confined in the United States Penitentiary in Tucson, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court will summarily dismiss the motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Attempted Murder, in violation of 18 U.S.C. §§ 1153 and 1113, and Use and Discharge of a Firearm While Committing a Crime of Violence, in violation of 18 U.S.C. § 924(c). The plea agreement provided for a stipulated total prison term on both counts of between 15 and 20 years. On January 25, 2007, the Court sentenced Movant to two 10-years terms of imprisonment, to be served consecutively, followed by two 3-year terms of supervised release, to be served concurrently.

Movant seeks to have his case "vacated." Movant's sole ground for relief in the motion is that he should "have an attorney review [his] case to make certain no evidence, that would help lessen [his] sentence, was not brought forward."

1  **II.     Summary Dismissal**

2   A district court must summarily dismiss a § 2255 application "[i]f it plainly appears 3 from the motion, any attached exhibits, and the record of prior proceedings that the moving 4 party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the 5 United States District Courts. When this standard is satisfied, neither a hearing nor a 6 response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 7 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

8   In this case, the record shows that summary dismissal under Rule 4(b) is warranted 9 because Movant has waived the right to bring a § 2255 motion.

10 **III.    Waiver**

11   Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals 12 has found that there are "strict standards for waiver of constitutional rights." United States 13 v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume 14 waiver from a silent record, and the Court must indulge every reasonable presumption 15 against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 16 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and 17 unequivocal.

18   Plea agreements are contractual in nature, and their plain language will generally be 19 enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 20 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a 21 § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 22 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only 23 claims that cannot be waived are claims that the waiver itself was involuntary or that 24 ineffective assistance of counsel rendered the waiver involuntary. See Washington v. 25 Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the 26 right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an 27 ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 28 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel

erroneously induced a defendant to plead guilty or accept a particular plea bargain); <u>Abarca</u>, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); <u>see also</u> <u>Jeronimo</u>, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(Doc. #192). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. #192).

Movant's assertion in his § 2255 motion pertains to his sentencing and does not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issue raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion.

**Accordingly,**

//
//
//
//

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #228 in CR 05-99-PHX-MHM) is **denied** and that the civil action opened in connection with this Motion (CV 08-171-PHX-MHM (MEA)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

DATED this 6th day of February, 2008.

_____
Mary H. Murguia
United States District Judge